ROSENSTADT & WALLER, INC., APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Financing Contract.

No. 578.—Decided November 19, 1923.

RECORD OF TITLE—MORTGAGE—DISTRIBUTION OF LIABILITY.—A mortgage in which the mortgagor binds himself to pay to the financing mortgagee one dollar for each hundredweight of the crop produced on the property in case the debtor should elect to sell the crop to a third person instead of to the mortgagee, can not be recorded, because the amount secured by the mortgage is not specifically determined.

The facts are stated in the opinion.

*Mr. A. Mena* for the appellant.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

Rosenstadt & Waller made an agricultural contract with Valeriano Santos, wherein the latter mortgaged his farm to cover advances of $1,000 to make his crop of 1924. There were various subsidiary agreements between the parties and Santos undertook to sell all his tobacco for the said year to the said Rosenstadt & Waller. The eighth clause of the contract provides, among other things, as follows:

"In case the tobacco stored should be sold to a third person, the

company shall receive by way of compensation the sum of one dollar for each hundredweight produced by said plantation, it being understood that this amount offsets any damages the company may sustain by failure to obtain the tobacco.''

When the deed containing the foregoing contract was presented to the registrar of property he recorded it in the book of agricultural contracts. Likewise, he recorded the mortgage in the registry of property in so far as it secured the advances of $1,000, but denied record with regard to the guaranty of one dollar for each hundredweight of tobacco sold to a third person "because the amount guaranteed by the mortgage was not determined.''

The appellant says that the contract is a licit one and that the defect does not exist, as there is no provision of law which prevents the parties from distributing the principal, interest and costs in the form most convenient, provided that the responsibility of the mortgaged property is really determined, and the decisions of the revising tribunal (*Dirección*) of Registrars and Notaries of February 9, 1898, and 19th of February, 1904, are cited.

Now, while a certain sum is fixed in the deed for principal, interest and costs and distributed over the property, there is absolutely no fixing or limitation of the sum for which the debtor of the estate would be responsible in case the said debtor sold all or part of his crop to anyone else.

It should be noticed that the deed makes ample provision for the repayment of the principal, interest and costs, and that the dollar per hundredweight is an independent penalty dependent upon the contracted obligation of the debtor not to sell his crop to anyone else. The proposed liability is general and not determined in the deed.

While, perhaps, a contract not to alienate a specific crop is a licit one, yet, when it is sought to fix a responsibility for the sums for which the land is to respond, it should be stated. *Non constat* that the debtor might want a second

mortgage and the proposed mortgagee could never know the extent of previously contracted obligations.

The acts of 1910 and 1911, Compilation, p. 11 *et seq.*, in section 5 provides that the agricultural contract may contain any legal covenants, but section 6, which covers the recording in the registry of property, as distinguished from the record of the agricultural contract, provides that when the contract comprises the placing, modification or extinction of a realty right, it shall be recorded under the provisions of the Mortgage Law.

The Mortgage Law and its rules in various sections require that the amount for which a piece of property is to be responsible should be specified in the deed.

The note must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.